UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA<br><br>TO JAMES KOLOTOUROS | Case No. 24-mc-80255-SVK<br><br>**ORDER DENYING MOTION TO COMPLY WITH DEPOSITION SUBPOENA**<br><br>Re: Dkt. No. 1 |

This miscellaneous action concerning a discovery dispute arises out of a patent action pending in the United States District Court for the Eastern District of Texas. *See Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 23-cv-00103-JRG (E.D. Tex.). The plaintiff in the underlying action, Headwater Research LLC ("Headwater"), seeks to compel the deposition of James Kolotouros, a third party to the underlying action. *See* Dkt. 1 (the "Motion").[1] The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court, **DENIES** the Motion as untimely in light of the case-management schedule in the underlying action.

The timeline of relevant events and deadlines in the underlying action informs the Court's

---

[1] In this Order, the Court collectively refers to Headwater and Mr. Kolotouros as "the Parties." Mr. Kolotouros is a former vice president at Google and was involved in contract negotiations on Google's behalf with a Samsung entity that is a defendant in the underlying action. *See* Motion at 4; Dkt. 7 at 1. Presently, Mr. Kolotouros is employed by a Samsung entity which is not involved in the underlying action, though he is represented by counsel of record in that case, and the opposition to Headwater's motion was filed on behalf of both Mr. Kolotouros and the Samsung defendants. *See* Motion at 2; Dkt. 7.

reasoning. Headwater first attempted to notice Mr. Kolotouros' deposition on August 23, 2024.[2] *See* Dkt. 8 at 1; *see also* Dkt. 8-2. Following meet-and-confer efforts clarifying Mr. Kolotouros' status as a third party, Headwater served a subpoena on him on August 28. *See* Dkt. 8 at 1; *see also* Dkt. 1-3. In response, Mr. Kolotouros served objections, but he never moved to quash the subpoena or for a protective order. *See* Motion at 2. Several weeks of meet-and-confer efforts followed regarding deposition issues concerning witnesses (including Mr. Kolotouros) relating to the Samsung-Google negotiations. *See* Dkt. 8 at 1-2.

These negotiations bled into the discovery deadlines in the underlying action. Fact discovery was originally set to close on September 10, and the last day to file discovery-related motions had been set for the same day. *See* Dkt. 7 at 2. The court in the underlying action ended up extending the close of fact discovery to September 20, and the Parties may disagree on whether the last day to bring a motion to compel was also extended to the 20 or remained at September 10. *See id.*; Dkt. 8 at 2. The record indicates that Headwater knew no later than September 17 that Mr. Kolotouros would not appear for a deposition. *See* Dkt. 8 at 2-3. Headwater ultimately commenced this action in this Court on October 10, and in response, this Court set a briefing schedule that ran until November 13.[3] *See* Motion; Dkt. 3. Other significant dates from the underlying action include (*see* Dkt. 7 at 3):

| | |
|---|---|
| Opening expert reports | September 26 |
| Rebuttal expert reports | October 14 |
| Expert depositions end | October 24 |
| Dispositive motions | October 25 |
| Pretrial disclosures | November 6 |
| Pretrial conference | December 2 |
| Trial | January 6 |

---

[2] All relevant dates discussed in this order are in 2024.

[3] On October 2, the court in the underlying action held a hearing related to discovery regarding the Google-Samsung contracts but not concerning the Kolotouros deposition. *See* Dkt. 8 at 3.

2

1  With this timeline in mind, the Court proceeds with its analysis of the Motion. As an
2  initial matter, each side complains about the conduct of the other vis-à-vis the deposition of Mr.
3  Kolotouros. Headwater notes the absence of a motion to quash or for a protective order, and Mr.
4  Kolotouros argues that Headwater was not diligent in pursuing his deposition in the first instance.
5  To explain their actions or lack of action, each side points to the broader meet-and-confer efforts
6  regarding discovery into the Google-Samsung negotiations, which included the Kolotouros
7  deposition, as the reason why neither side took prompt formal action either to compel the
8  deposition (Headwater) or quash the subpoena (Kolotouros). In light of these meet-and-confer
9  efforts, the Court finds that the delay or absence of formal action by either side, while not
10 desirable, is not dispositive of the Motion. However, while delay by itself is not the basis for this
11 Court's ruling, as reasoned below, the timing of the Motion and its impact on the case schedule is
12 substantial and cannot be overlooked.

13 Mr. Kolotouros raises several arguments in opposition to the Motion, the most compelling
14 of which insists that the schedule in the underlying action dictates the outcome of the Motion.[4] By
15 the time Headwater filed the Motion on October 10, opening expert reports had already been
16 served, and rebuttal reports were due in just 4 days. On the very next day—October 11—this
17 Court issued its briefing schedule running through November 13. Given the underlying schedule,
18 it is surprising that Headwater did not immediately seek an expedited briefing schedule from this
19 Court. As the briefing schedule played out, pretrial disclosures were due to be filed on November
20 6, before briefing on the Motion closed. Mr. Kolotouros points out that, although Headwater
21 argues that his testimony about the "Google perspective" (*see* Motion at 4; Dkt. 7 at 5, 7-8) is
22 relevant to damages, nowhere in the briefing does Headwater address how the sought-after
23 deposition testimony could be used at this late stage in the underlying action. Significantly,
24 pointed questions as to whether Headwater intended to upend the trial schedule with requests to
25 supplement expert reports or dispositive motions or to amend pretrial disclosures (*see* Dkt. 7 at 3-
26 4) are unaddressed by Headwater, even in its reply brief.

---

[4] Accordingly, the Court does not address the remaining arguments in this Order.

3

Instead, Headwater urges this Court to issue "alternative relief," specifically, the adoption of Mr. Kolotouros' previous trial testimony in lieu of his deposition. *See* Dkt. 8 at 2-4. To the extent Headwater is asking for this relief as a sanction for Mr. Kolotouros' failure to move to quash (*see id.* at 5), that request is **DENIED** for the reasons stated above. Beyond a request for sanctions, the Court is unaware of any other basis in fact or law, and none is provided by Headwater, upon which this Court could deem prior testimony of a third party an appropriate substitute for deposition testimony in an action in another court, and it is unlikely that the underlying court has a different view.

**SO ORDERED.**

Dated: November 19, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge